Argued and submitted December 19, 1979,
reversed and remanded February 25, 1980

# HARDT,
## *Petitioner,*
### *v.*
# BOARD OF NATUROPATHIC
# EXAMINERS, et al,
## *Respondents.*

## CA 12664
606 P2d 1169

Susan Robertson Pease; Northwest Legal Advocates, Eugene, argued the cause and filed the brief for petitioner.

James C. Rhodes, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton, Tanzer and Campbell, Judges.

TANZER, J.

## TANZER, P. J.

This is a petition for judicial review of an order of the Board of Naturopathic Examiners (Board) suspending for 30 days petitioner's license to practice naturopathic medicine for having unlawfully prescribed drugs. Petitioner contends, among other things, that the findings are not supported by substantial evidence and that the findings do not support the Board's conclusions.

To summarize the order, the Board found that petitioner had prescribed piperazine, doxycycline and kwell. It further found that they are "drugs," but not "antiseptics" or "local anesthetics," and that they were not used by petitioner in connection with "minor surgery," as those terms are used in the applicable statutes. Because a naturopathic physician is not authorized to prescribe drugs, the Board concluded that petitioner had violated a law regulating his profession, thereby demonstrating his professional unfitness. Petitioner admitted that he prescribed the drugs, but contended that he came within certain statutory exceptions.

Under ORS 685.030(2), a naturopathic physician may not "administer or write prescriptions for or dispense drugs." That term is defined by ORS 685.010(2):

"'Drugs' means all medicines and preparations and all substances, except nonpoisonous plant substances, food and water, used or intended to be used for the diagnosis, cure, treatment, mitigation or prevention of diseases or abnormalities of man, which are recognized in the latest editions of the official United States Pharmacopoeia, official Homeopathic Pharmacopoeia, official National Formulary, or any supplement to any of them, or otherwise established as drugs."

The findings that the three substances are drugs conform to the statutory definition:

"2. 'Kwell' is a parasiticide used in the treatment of scabies and lice and is a poison. 'Doxycycline' is an

antibiotic. 'Piperazine' is used in the treatment of human pinworms and roundworm.

"3. These substances are not naturally grown or cultivated and are synthetics. They are 'drugs' and listed as such within the latest editions of the United States pharmacopoeia (#19) pages 48, 161 and 368. They are also federal legend drugs."

Petitioner argues that the findings are not supported by substantial evidence. First, he contends that doxycycline is not a drug because, although listed in the United States Pharmacopoeia, it comes within the statutory exception for "nonpoisonous plant substances." Assuming for argument that the phrase is an exception to the statute, it is the burden of the party who claims to be excepted to prove the exception. Although petitioner testified initially that doxycycline is a nonpoisonous plant substance, he explained that it was a "semi-synthetic," "bacterial derivative." His witness characterized it as a broad spectrum antibiotic. The exception was not proved and the Board was entitled to conclude that petitioner's prescription of doxycycline was unlawful.

Petitioner contends that his prescriptions of piperazine and kwell were permissible because they were in connection with minor surgery and thus within the exception created by ORS 685.030(3) and 685.010(3):

ORS 685.030(3) provides:

"Nothing in this chapter shall be construed to:
"* * * * *

"(3) Prevent one licensed under this chapter from the administration of the anesthetics or antiseptics authorized in subsection (3) of ORS 685.010 * * *."

ORS 685.010(3) provides:

" 'Minor surgery' means the use of electrical or other methods for the surgical repair and care incident thereto of superficial lacerations and abrasions, benign superficial lesions, and the removal of foreign bodies located in the superficial structures; and the use of antiseptics and local anesthetics in connection therewith."

[682]

He testified that he prescribed piperazine as a local anesthetic for the removal of an infestation of roundworms from the intestine. The Board could properly find that petitioner's action was not taken in connection with minor surgery. Intestines are not within the common understanding of "superficial structures" of the body and the Board was entitled not to give credit to petitioner's testimony that he regarded the entire alimentary canal to be superficial.

Petitioner testified that he prescribed kwell as a local antiseptic for the removal of body lice. He argues that his act was minor surgery because it comes within the term "removal of foreign bodies located in the superficial structures." The order addresses his contention in several ways. First, the Board found that kwell is a poison. Petitioner is correct in his assertion that there is no evidence in the record for that finding; nor is there an assertion that the Board so finds as a matter of its professional knowledge. Neither, however, is there evidence that it is a plant substance. Hence, the "nonpoisonous plant substances" exception is not established regardless of whether kwell is poison. The finding is immaterial and is disregarded on review.

The Board also found that kwell is not a local antiseptic. There is no evidence to that effect. Nor is notice expressly taken. Nor is there reference to the professional knowledge of the Board as permitted by ORS 183.450(4). *Cf. Gregg v. Racing Comm'n,* 38 Or App 19, 588 P2d 1290 (1979). The finding is therefore unsupported and invalid.

Next, the Board found simply that the prescription of kwell was not "in connection with minor surgery as defined by ORS 685.010(3)." That statute includes as one definition of minor surgery, however, "the removal of foreign bodies located in the superficial structures." That phrase at least ostensibly comprehends removal of lice from skin. The order does not express a rationale for the conclusion that petitioner's act is not

[683]

minor surgery. Hence, this part of the order is without effect.

Petitioner also contends that the order is invalid because the secretary of the Board, having conducted the investigation and prepared these proceedings, also participated in the hearing. This contention is answered contrary to his position by our opinion in *Gregg v. Racing Comm'n., supra.*

Petitioner contends that the statutes referred to above are too vague to give him notice, but we hold that they obviously are not and that it is not necessary or helpful to explain further.

Petitioner also contends that there must be rules for an agency determination of "unprofessional conduct." In this case, the general statutory phrase relied on in the order is "unfit to perform the duties of a naturopathic physician." Petitioner's contention anticipated the ruling of the Supreme Court in *Megdal v. Board of Dental Examiners,* 288 Or 293, 605 P2d 273 (1980), that general statutory delegations must be made more specific by promulgation of rules. Here, however, unlike *Megdal,* the Board's conclusion was based upon a finding of violation of specific statutes, not upon a broad, unspecified delegation. The Board's action was therefore lawful.

We uphold the order except as it relates to kwell. We remand to the Board for the purpose either of reconsidering the sanction in light of the valid portions of the order or for a revised order.

Reversed and remanded.