Argued and submitted December 8, 1986, reversed January 28, 1987

In the Matter of the Suspension of
the Driving Privilege of
Kenneth Lee Parks, Petitioner.

**PARKS,**
*Petitioner,*

*v.*

**MOTOR VEHICLES DIVISION,**
*Respondent.*

(8510231410; CA A40424)

732 P2d 52

Ted M. Miller, Portland, argued the cause and filed the the brief for petitioner.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

Petitioner's driving privileges were suspended for 90 days by the Motor Vehicles Division, because he was involved in a traffic accident during a 30-day driving record suspension. On appeal, petitioner contends that the hearings officer erred in finding that petitioner was given notice of the 30-day driving record suspension. We agree and reverse.

Petitioner's driving privileges were initially suspended for 30 days on June 16, 1985. The basis of the suspension was that he had committed two traffic violations within one year of a Driver Improvement Interview.[1] On June 20, 1985, he was involved in a traffic accident. Thereafter, he received notice of a 90-day suspension. The basis of the suspension was that the accident occurred while the driving record suspension was in effect.[2]

At the hearing below, petitioner denied receiving notice of the 30-day driving record suspension. The hearings officer concluded that notice had been sent. In his final order he stated:

"In the present case, Exhibit #5 (the driving record) indicates that notice was mailed to Petitioner regarding the June 16 suspension and that a return receipt was received by the Division. The record indicates that Petitioner's address on the driving record corresponds to the address indicated on

---

[1] Petitioner's 30-day suspension was imposed pursuant to OAR 735-31-060(8)(c), which provides:

"(8) Step Four - Driving Record Suspension: As specified in section (3) of this rule, a person's license will be suspended because of the person's driving record for a period of up to one year under the following circumstances:

"* * * * *

"(c) The person is convicted of two traffic violations committed within twelve months from the date of the Driver Improvement Interview or within the same period, is involved in two preventable accidents, or a combination of the two[.]"

[2] Petitioner's 90-day suspension was imposed pursuant to OAR 735-31-060(8)(h), which provides:

"If a person's license is suspended based on the person's driving record and the Division receives notice of conviction for any traffic violation (including violations specified in ORS 487.475) or a traffic accident committed or occurring during the suspension period, where the person was a driver the Division may suspend the person's license for an additional period of up to one year."

earlier exhibits dated in 1984 and to the address reported by Petitioner when he testified.

"* * * * *

"[T]he record indicates that 'someone' signed a receipt at Petitioner's address. That receipt is not in the record, but is noted on the driving record and no evidence has been submitted to contest that notation.

"The requirements of service as indicated in ORS 482.570 have been met. Petitioner's first contention is without merit."[3]

The hearings officer's finding that notice was sent was based on coded entries on petitioner's computerized driving record. The parties contend that the entries on which the hearings officer apparently relied are "RET 6/12/85 RCPT, RET 6/16/85 RCPT" and "RET 6/18/85 RCPT." The meaning of those entries is not self-evident. No evidence was introduced to establish their meaning. Neither was notice of their meaning properly taken under ORS 183.450(4), which provides:

"Parties shall be notified at any time during the proceeding but in any event prior to the final decision of material officially noticed and they shall be afforded an opportunity to contest the facts so noticed. Agencies may utilize their experience, technical competence and specialized knowledge in the evaluation of the evidence presented to them."

■ ■ On appeal, the state submitted as an "additional authority," *The Guide To Oregon Driving Records* (July, 1986), which explains the coded computer entries on the division's records. We disregard the guide, because it is an improper attempt to supplement the record. It is basic to appellate procedure that our review is limited to the record developed below. *See* ORS 183.482(7) and ORS 809.360(3). The hearings

---

[3] *Former* ORS 482.570 (now ORS 809.430) requires that the MVD give notice of the suspension of a license:

"When the division, as authorized or required, suspends, revokes or cancels a license or the right to apply for a license to operate motor vehicles, it shall give notice of such action to the person whose license or right is affected. The notice shall state the nature and reason for the action and, in the case of a suspension, whether it is ordered by a court. Service of the notice is accomplished either by mailing the notice by certified mail restricted delivery, return receipt requested, to the person's address as shown by division records, or, by personal service in the same manner as a summons is served in an action at law."

officer's finding that notice of petitioner's 30-day suspension was properly given is unsupported by this record.[4] *See Hardt v. Bd. of Naturopathic Examiners,* 44 Or App 679, 683, 606 P2d 1169 (1980).

Reversed.

---

[4] Because we hold that notice was not properly taken, we do not address whether the meaning of the coded computer entry was a proper subject of agency notice.